UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5154**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELDER RAXCACO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:07-cr-00271-REP-1)

Submitted:  March 20, 2008          Decided:  July 24, 2008

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Chuck Rosenberg, United States Attorney, Sara E. Chase,
Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elder Raxcaco pled guilty to being unlawfully in the United States after having been deported, in violation of 8 U.S.C. § 1326 (2000). He was sentenced to twelve months and one day imprisonment. On appeal, Raxcaco argues his sentence was unreasonable based on the sentencing factors set forth in 18 U.S.C. § 3553(a) (2000), and he challenges the district court's decision to impose a variant sentence. We affirm the judgment of the district court.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory guidelines range. It must then consider the resulting range in conjunction with the factors set forth in § 3553(a) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly

erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473. While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

Here, the district court followed the necessary procedural steps in sentencing Raxcaco, properly calculating the Guidelines range and considering that recommendation in conjunction with the § 3553(a) factors. In light of the facts of this case, and the district court's meaningful articulation of its consideration of the § 3553(a) factors and its bases for departing

from the recommended guideline range, we find the district court's decision to depart, and the extent of the departure, reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED